UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 16-10106 |
| Diane P Underwood, | Chapter 13 |
| Debtor. | Honorable Jacqueline P. Cox |

## NOTICE OF MOTION

TO:   See attached Service List

On January 7, 2019, at 9:00 AM, I shall appear before Bankruptcy Judge Jacqueline P. Cox, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Courtroom 680, Chicago, IL 60604, or in her absence, before such other Bankruptcy Judge as may be presiding in her place and stead, and shall then and there present the attached Motion for Relief from the Automatic Stay filed by CP-SRMOF II 2012-A Trust, U.S. Bank Trust National Association, not in its individual capacity but solely as Trustee, at which time and place you may appear if you so see fit.

> FAIQ MIHLAR (#6274089)
> HEATHER M. GIANNINO (#6299848)
> AMANDA J. WIESE (#6320552)
> ZHIQI WU (#6324870)
> CHERYL CONSIDINE (#6242779)
> HEAVNER, BEYERS & MIHLAR, LLC
> Attorneys at Law
> P.O. Box 740
> Decatur, IL 62525
> Email: bkdept@hsbattys.com
> Telephone: (217) 422-1719
> Facsimile: (217) 422-1754

STATE OF ILLINOIS
COUNTY OF MACON

I, Zhiqi Wu, an attorney, being first duly sworn upon oath, depose and state I have served the above and foregoing Notice, together with all required papers, upon the above-named parties, as to the Trustee and Debtor's attorneys via electronic notice on December 11, 2018, and as to the Debtor by placing same in an envelope addressed as shown above, and depositing same First Class Mail, postage prepaid in the United States mailbox at Decatur, Illinois 62523 this 11th day of December, 2018.

_____
            */s/ Zhiqi Wu*
            Zhiqi Wu

# SERVICE LIST

**Service by Mail:**

Diane P Underwood
1311 S. 8th Avenue
Maywood, Illinois 60153

**Service by Electronic Notice through ECF:**

Alexander Tynkov
Zalutsky & Pinski, Ltd.
111 West Washington Suite 1550
Chicago, IL 60602

Kerrie S Neal
Zalutsky & Pinski, Ltd.
111 West Washington Suite 1550
Chicago, IL 60602

Thomas Twomey
Zalutsky & Pinski Ltd
111 West Washington Suite 1550
Chicago, IL 60602

Tom Vaughn
55 East Monroe Street, Suite 3850
Chicago, IL 60603

Patrick S. Layng
United States Trustee (Region 11)
219 S. Dearborn Street Suite 873
Chicago, IL 60604

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 16-10106 |
| Diane P Underwood, | Chapter 13 |
| Debtor. | Honorable Jacqueline P. Cox |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

NOW COMES CP-SRMOF II 2012-A Trust, U.S. Bank Trust National Association, not in its individual capacity but solely as Trustee, ("Movant") by and through its attorneys, Heavner, Beyers & Mihlar, LLC, and hereby moves this Court for an entry of an order for relief from the automatic stay, pursuant to 11 U.S.C. §362, with respect to certain real property of the Debtor having an address of 1311 S. 8th Avenue, Maywood, Illinois 60153 ("Property"). The Required Statement is attached hereto as Exhibit "A", in accordance with Local Rule 4001-1. In further support of this Motion, Movant respectfully states:

1.      Debtor filed a petition under Chapter 13 of the United States Bankruptcy Code on March 24, 2016.

2.      The Debtor has executed and delivered or is otherwise obligated with respect to a Note in the original principal amount of $148,410.00 ("Note"). Movant is an entity entitled to enforce the Note.

3.      Movant is a secured creditor by virtue of a Note secured by a Mortgage on the Property commonly known as 1311 S. 8th Avenue, Maywood, Illinois 60153.

4.      Said Mortgage was recorded on October 21, 2008, in the Recorder's Office of Cook County, Illinois, as Document Number 0829505022 ("Mortgage"). All rights and remedies under the Mortgage have been assigned to the Movant. A copy of the Note, Mortgage, and Assignment(s) of Mortgage are attached hereto and made a part hereof as Exhibit "B", Exhibit "C" and Exhibit "D", respectively.

5.     The Debtor is the owner or occupant of said Property and said Property was included in the Debtor's Bankruptcy Petition.  Said Property is the Debtor's principal residence. The Debtor is not the borrower under the Note and Mortgage, but has an interest in the property as a presumed heir to the estate of Bernard Underwood.  The borrower, Bernard Underwood, is deceased as of 11/26/2009.

6.     Tom Vaughn is the Trustee duly appointed by law.

7.     As of November 23, 2018, the outstanding amount of the Debtor's obligation under the Note is $224,335.16.

8.     In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested herein, Movant has also incurred attorneys' fees of $850.00 and costs of $181.00.  Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

9.     The estimated market value of the property is $133,000.00.  The basis for such valuation is the Debtor's Schedules.

10.     The payoff of the additional lien on said Property is estimated to be $575.00.  The basis for such estimation is the Debtor's Schedules.

11.     Upon information and belief, the aggregate amount of encumbrances on the Property listed in the Schedules or otherwise known, including but not limited to the encumbrances granted to Movant, is $224,910.16.

12.     Pursuant to 11 U.S.C. §362(d), cause exists to grant Movant relief from the automatic stay for the following reasons:

A.     Movant's interest in the Property is not adequately protected as there is a continuing daily increase in the total amount outstanding and chargeable against said Property for interest and costs due under the Note and Mortgage.

B.      Post-petition mortgage payments due on the Note secured by a Mortgage on the Property have not been made to Movant.

C.      The Debtor is past due for the September 1, 2017 post-petition payment and all amounts coming due since that date. The following chart sets forth the number and amount of post-petition payments due pursuant to the Note and Mortgage that have been missed by the Debtor. A copy of the post-petition payment history is attached hereto and made a part hereof as Exhibit "E".

| Number of Delinquent Payments | From | To | Monthly Payment Amount | Total Amounts Delinquent |
|---|---|---|---|---|
| 15 | 9/1/17 | 11/1/18 | $851.66 | $12,774.90 |
| Less postpetition partial payments: | | | | ($704.38) |

*Total: $12,070.52*

13.      Pursuant to 11 U.S.C. §362(d)(2)(A), the Debtor has no equity in the Property; and pursuant to §362(d)(2)(B), the Property is not necessary for an effective reorganization.

WHEREFORE, Movant prays that this court enter an order terminating or modifying the automatic stay and granting the following:

1.      Relief from the Stay allowing Movant, its successors and assignees, to proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2.      That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other Chapter of Title 11 of the United States Code.

3.    The 14 day stay described by Federal Rule of Bankruptcy Procedure 4001(a)(3) is

waived.

4.    For such other relief as the court deems proper.

CP-SRMOF II 2012-A Trust, U.S. Bank
Trust National Association, not in its
individual capacity but solely as Trustee,

By: _____ /s/ Zhiqi Wu _____
Zhiqi Wu
One of its attorneys

FAIQ MIHLAR (#6274089)
HEATHER M. GIANNINO (#6299848)
AMANDA J. WIESE (#6320552)
ZHIQI WU (#6324870)
CHERYL CONSIDINE (#6242779)
HEAVNER, BEYERS & MIHLAR, LLC
Attorneys at Law
P.O. Box 740
Decatur, IL 62525
Email: bkdept@hsbattys.com
Telephone: (217) 422-1719
Facsimile: (217) 422-1754

**This advice pertains to your dealings with our firm as a debt collector. It does not affect your dealings with the court, and in particular it does not change the time at which you must answer the motion. The advice in this notice also does affect our relations with the court. As attorneys, we may file papers in the suit according to the court's rules and the judge's instructions.**

## NOTICE PURSUANT TO THE FAIR DEBT COLLECTION

### PRACTICES ACT

#### 15 U.S.C. Section 1601 as Amended

1.    The amount of the debt is stated in the motion attached hereto.

2.    The movant named in the attached motion is the creditor to whom the debt is owed or is the servicing agent for the creditor to whom the debt is owed.

3.    Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid.

4.    If you notify this office in writing within 30 days after receiving this notice, this office will obtain verification of the debt and mail you a copy of such verification.

5.    If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

6.    Nothing in this notice should be construed as an agreement by the movant to extend or stay any time periods established by law with respect to the litigation, which is the subject of the attached motion.

7.    Written requests should be addressed to Heavner, Beyers & Mihlar, LLC, 111 East Main Street, Decatur, IL 62523.

8.    Please be advised that this is an attempt to collect a debt. Any information obtained will be used for that purpose.